UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| THE BANK OF NEW YORK MELLON, | Case No. 2:17-CV-1919 JCM (PAL) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JOHN FERRARO, et al., | |
| Defendant(s). | |

Presently before the court is defendant Red Rock Financial Services, LLC's (the "HOA agent") motion to dismiss. (ECF No. 8). Plaintiff Bank of New York Mellon ("BNYM") filed a response (ECF No. 15), to which the HOA agent replied (ECF No. 19).

Also before the court is defendant Northshores Owners Association's (the "HOA") motion to dismiss. (ECF No. 10). BNYM filed a response (ECF No. 16), to which the HOA replied (ECF No. 20).

Also before the court is defendant Saticoy Bay LLC Series 3333 Hillingdon's ("Saticoy") motion to dismiss. (ECF No. 13). BNYM filed a response (ECF No. 26), to which Saticoy replied (ECF No. 27).

**I.  Facts**

This case involves a dispute over real property located at 3333 Hillingdon Court, Las Vegas, Nevada 89129 (the "property"). (ECF No. 1). On November 1, 2004, John P. Ferraro and Marchella M. Ferraro (the "borrowers") took out a $180,000.00 loan from First Magnus Financial Corporation to purchase the property. *Id.* On November 15, 2004, a deed of trust was recorded as an encumbrance against the property. *Id.* On March 12, 2013, a corporate assignment of deed of trust was recorded assigning the deed of trust to BNYM. *Id.*

**James C. Mahan**
**U.S. District Judge**

On July 20, 2012, the HOA, through the HOA agent, recorded a notice of delinquent assessment lien. (ECF No. 1). The amount due was $3,516.37. *Id.*

On September 17, 2012, the HOA, through the HOA agent, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. *Id.* The amount due was $3,186.57. *Id.*

On October 9, 2015, the HOA, through the HOA agent, recorded a notice of trustee's sale against the property. (ECF No. 1). The amount due was $7,459.18. *Id.*

On December 15, 2015, Saticoy acquired the property at the foreclosure sale as evidenced by the foreclosure deed recorded on February 29, 2016. (ECF No. 1). The sale price at the foreclosure sale was $6,465.00. *Id.*

On July 13, 2017, BNYM filed the underlying complaint, alleging six causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and the HOA agent; (3) wrongful foreclosure against the HOA and the HOA agent; (4) injunctive relief against Saticoy; (5) judicial foreclosure; and (6) breach of contract against the borrower. (ECF No. 1).

In the instant motions, the HOA agent, the HOA, and Saticoy move to dismiss the complaint. (ECF Nos. 8, 10, 13).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

**A. Claims (2) through (5)**

As an initial matter, claims (2) through (5) of BNYM's complaint (ECF No. 1) will be dismissed without prejudice.

Claim (4) will be dismissed, without prejudice, because the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr.

13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."). Furthermore, as claim (5), a request for judicial foreclosure, is also a remedy and not an independent cause of action, the court will dismiss this claim without prejudice as well.

Claims (2) and (3) will be dismissed, without prejudice, for BNYM's failure to mediate pursuant to NRS 38.310. *See, e.g.*, Nev. Rev. Stat. § 38.310(1); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013). Subsection (1) of NRS 38.310 provides, in relevant part, as follows:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). A "civil action" includes any actions for monetary damages or equitable relief. *See* Nev. Rev. Stat. § 38.300(3).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Similarly, BNYM's breach of NRS 116.1113 claim alleges a NRS violation, which requires an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within the scope of NRS 38.310.

To the court's knowledge, BNYM has not submitted a request for mediation, not have the parties have participated in mediation. Thus, BNYM has not exhausted its administrative remedies and must mediate certain claims prior to initiating an action in court.

Further, NRS 38.350 expressly tolls the statute of limitations applicable to BNYM's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350. Therefore, BNYM's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

Consequently, BNYM must first submit its claims for breach of NRS 116.1113 and wrongful foreclosure to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015).

Accordingly, claims (2) through (5) of BNYM's complaint (ECF No. 1) will be dismissed without prejudice.

**B. Quiet Title/Declaratory Judgment** (claim 1)

The HOA and the HOA agent argue that they have no interest in the litigation. (ECF Nos. 8, 10). In response, BNYM argues that they are necessary parties under Federal Rule of Civil Procedure 19(a)(1)(A). Indeed, assuming without deciding that the HOA and the HOA agent's motions can be treated as a Rule 12(c) motion for judgment on the pleadings, their argument falls short.

Under rule 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or

(2) when the absent party "claims an interest relating to the subject of the action" and resolving the action without that party may, practically, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

This court has previously held that dismissal is appropriate when the holder of the prior deed of trust seeks a declaration that the deed of trust survived foreclosure sale. *See, e.g.*, *Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-CV-1875-JCM-GWF, 2015 WL 2019067, at *1 (D. Nev. May 1, 2015). In contrast, this court has also held that dismissal is inappropriate in these circumstances when the holder of the prior deed of trust challenges the validity of the foreclosure sale. *See, e.g.*, *Nationstar Mortg., LLC v. Berezovsky*, No. 2:15-CV-909-JCM-CWH, 2016 WL 1064477, at *3–4 (D. Nev. Mar. 2016). Therefore, the nature of the remedy sought dictates the necessary parties.

In addition, this court has reasoned that parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case. *See Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-CV-1683-JCM-CWH, 2017 WL 843177, at *6 (D. Nev. Mar. 1, 2017); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (considering the desire to avoid redundant litigation and specifying rule 19(a)(1)'s focus on allowing "meaningful relief"). Therefore, the HOA and the HOA agent are, at this point in the present litigation, necessary parties.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*,

918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

NRS 116.3116 codifies the Uniform Common Interest Ownership Act ("UCIOA") in Nevada. *See* Nev. Rev. Stat. § 116.001 ("This chapter may be cited as the Uniform Common-Interest Ownership Act"); *see also SFR Investments*, 334 P.3d at 410. Numerous courts have interpreted the UCIOA and NRS 116.3116 as imposing a commercial reasonableness standard on foreclosure of association liens.[1]

---

[1] *See, e.g.*, *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 962 F. Supp. 2d 1222, 1229 (D. Nev. 2013) ("[T]he sale for $10,000 of a Property that was worth $176,000 in 2004, and which was probably worth somewhat more than half as much when sold at the foreclosure sale, raises serious doubts as to commercial reasonableness."); *SFR Investments*, 334 P.3d at 418 n.6 (noting bank's argument that purchase at association foreclosure sale was not commercially reasonable); *Thunder Props., Inc. v. Wood*, No. 3:14-cv-00068-RCJ-WGC, 2014 WL 6608836, at *2 (D. Nev. Nov. 19, 2014) (concluding that purchase price of "less than 2% of the amounts of the deed of trust" established commercial unreasonableness "almost conclusively"); *Rainbow Bend*

In *Shadow Wood*, the Nevada Supreme Court held that an HOA's foreclosure sale may be set aside under a court's equitable powers notwithstanding any recitals on the foreclosure deed where there is a "grossly inadequate" sales price and "fraud, unfairness, or oppression." 366 P.3d at 1110; *see also Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 184 F. Supp. 3d 853, 857–58 (D. Nev. 2016). In other words, "demonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression." *Id.* at 1112; *see also Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982) ("Mere inadequacy of price is not sufficient to justify setting aside a foreclosure sale, absent a showing of fraud, unfairness or oppression." (citing *Golden v. Tomiyasu*, 387 P.2d 989, 995 (Nev. 1963) (stating that, while a power-of-sale foreclosure may not be set aside for mere inadequacy of price, it may be if the price is grossly inadequate and there is "in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price" (internal quotation omitted)))).

Notably, the *Shadow Wood* court did not adopt the restatement's position on the 20% threshold test for grossly inadequate sales price. *Compare Shadow Wood*, 366 P.3d at 1112–13 (citing the restatement as secondary authority to warrant use of the 20% threshold test for grossly inadequate sales price), *with St. James Village, Inc. v. Cunningham*, 210 P.3d 190, 213 (Nev. 2009) (explicitly adopting § 4.8 of the Restatement in specific circumstances); *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) ("[W]e adopt the rule set forth in the Restatement (Third) of Torts: Physical and Emotional Harm section 51."); *Cucinotta v. Deloitte & Touche, LLP*, 302 P.3d 1099, 1102 (Nev. 2013) (affirmatively adopting the Restatement (Second) of Torts section 592A). Because Nevada courts have not adopted the relevant section(s) of the restatement at issue here, the *Long* test, which requires a showing of fraud, unfairness, or oppression in addition to a grossly inadequate sale price to set aside a foreclosure sale, controls. *See* 639 P.2d at 530.

*Homeowners Ass'n v. Wilder*, No. 3:13-cv-00007-RCJ-VPC, 2014 WL 132439, at *2 (D. Nev. Jan. 10, 2014) (deciding case on other grounds but noting that "the purchase of a residential property free and clear of all encumbrances for the price of delinquent HOA dues would raise grave doubts as to the commercial reasonableness of the sale under Nevada law"); *Will v. Mill Condo. Owners' Ass'n*, 848 A.2d 336, 340 (Vt. 2004) (discussing commercial reasonableness standard and concluding that "the UCIOA does provide for this additional layer of protection").

James C. Mahan
U.S. District Judge

Nevada has not clearly defined what constitutes "unfairness" in determining commercial reasonableness. The few Nevada cases that have discussed commercial reasonableness state, "every aspect of the disposition, including the method, manner, time, place, and terms, must be commercially reasonable." *Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 920 (Nev. 1977). This includes "quality of the publicity, the price obtained at the auction, [and] the number of bidders in attendance." *Dennison v. Allen Grp. Leasing Corp.*, 871 P.2d 288, 291 (Nev. 1994) (citing *Savage Constr. v. Challenge–Cook*, 714 P.2d 573, 574 (Nev. 1986)).

In *ZYZZX2 v. Dizon*, no. 2:13-cv-01307-JCM-PAL, 2016 WL 1181666 (D. Nev. Mar. 25, 2016), the subject property was governed by CC&R's which contained a mortgage protection clause. Prior to foreclosure, the HOA trustee sent out misleading mailings that suggested the foreclosure sale would not extinguish the first deed of trust on the property. *Id.* at *4. The property sold at a foreclosure sale for $15,000. *Id.* at *1. This court held that the mailings, in addition to the CC&R's mortgage protection clause and the "disproportionately low price" at foreclosure,[2] constituted unfairness that warranted setting aside the sale as commercially unreasonable. *Id.* at *4–5.

Here, on November 21, 2012, the HOA agent, on behalf of the HOA, delivered a letter to MERS indicating that the foreclosure sale was to proceed, but "[t]hat the Association's lien for delinquent assessments is junior only to the senior lender/mortgage holder." (ECF No. 1 at 6). The HOA agent confirmed the delivery of the letter, but contends that the letter reflects the HOA agent's intention *not* to extinguish the deed of trust and does not amount to a misrepresentation as alleged by BNYM. (ECF No. 8). Regardless of the HOA agent's intent, the letter, in conjunction with the CC&Rs, amounts to an affirmative representation that BNYM's interest in the property was senior to that of the HOA lien and would be unaffected by the HOA foreclosure sale. On their face, these pleaded facts would allow the court to conclude that the foreclosure sale transferred only a subpriority lien that did not extinguish BNYM's interest.

---

[2] The property was valued at $210,863, *ZYZZX2*, 2016 WL 1181666, at *1, making a sale price of $15,000 approximately 7% of fair market value.

James C. Mahan
U.S. District Judge

Saticoy paid $6,465.00 at the foreclosure sale. (ECF No. 43). This price was less than the lien interest being foreclosed upon ($7,459.18) and 3.6% of the amount of the initial loan value ($180,000.00). Further, the CC&R's contained a mortgage protection clause. (ECF No. 1). These facts are legally indistinguishable from the facts of *ZYZZX2* where the HOA's misleading statements regarding the effect of foreclosure sale, coupled with a sale price of 7% of fair market value and CC&R's containing a mortgage protection clause warranted setting aside the sale as commercially unreasonable. *ZYZZX2*, 2016 WL 1181666 at *4–5 ("The association sent a letter to Wells Fargo and other interested parties stating that its foreclosure would not affect the senior lender/mortgage holder's lien.").

Accordingly, the foreclosure sale appears to be commercially unreasonable here. Therefore, the court will deny the HOA, the HOA agent, and Saticoy's motions to dismiss as to quiet title, which argue that plaintiff's complaint fails to state a claim upon which relief can be granted.

IV. **Conclusion**

Based on the aforementioned, the court will grant the HOA agent (ECF No. 8), the HOA (ECF No. 10), and Saticoy's (ECF No. 13) motions to dismiss, as to claims two (2) through five (5) of BNYM's complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA agent's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that Saticoy's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED March 13, 2018.

_____
UNITED STATES DISTRICT JUDGE