UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THE BANK OF NEW YORK MELLON,

Plaintiff(s),

v.

JOHN FERRARO, et al.,

Defendant(s).

Case No. 2:17-CV-1919 JCM (PAL)

ORDER

Presently before the court is defendant/cross defendant Red Rock Financial Services, LLC's ("Red Rock") motion to dismiss. (ECF No. 44). Defendant/cross claimant Northshores Owners Association ("Northshores") filed a response (ECF No. 47), to which Red Rock replied (ECF No. 48).

Also before the court is defendant Saticoy Bay LLC Series 3333 Hillindon's ("Saticoy Bay") motion for summary judgment. (ECF No. 49). Plaintiff Bank of New York Mellon ("BNYM") did not file a response and the time to do so has passed.

Also before the court is BNYM's motion for leave to amend (ECF No. 57). Defendant Northshores and Red Rock filed a response (ECF Nos. 59, 61), to which BNYM replied (ECF No. 64).

Also before the court is Northshores and Red Rock's motion for summary judgment (ECF Nos. 62, 65). BNYM filed a response (ECF No. 66), to which Northshores and Red Rock filed separate replies (ECF Nos. 66, 67).

Also before the court is BNYM's motion for summary judgment. (ECF No. 63). Northeshores and Red Rock filed a response (ECF Nos. 67, 68), to which BNYM replied (ECF No. 71).

**James C. Mahan**
**U.S. District Judge**

**I. Facts**

On June 13, 2017, BNYM initiated this action, alleging six causes of action: (1) quiet title/declaratory relief against all defendants; (2) breach of NRS 116.3116 against Northshores and Red Rock; (3) wrongful foreclosure against Northshores and Red Rock; (4) injunctive relief against Saticoy Bay; (5) judicial foreclosure; and (6) breach of contract against John Ferraro. (ECF No. 1).

On March 13, 2018, the court granted Red Rock and Northshores' motions to dismiss (ECF Nos. 10, 13) as to claims two through five. (ECF No. 33). The court dismissed the breach of NRS 116.3116 and wrongful foreclosure claims because BNYM failed to mediate pursuant to NRS 38.310. *Id*. To afford BNYM an opportunity to mediate and, if necessary, re-assert its second and third claims, the court extended the dispositive motions filing deadline to August 17, 2018. (ECF No. 55).

On July 26, 2018, BNYM informed the court that mediation was unsuccessful and requested that the court grant leave to amend its complaint. (ECF No. 57). On August 17, 2018, BNYM provided the court with a sworn statement verifying that the parties mediated the second and third claims through the Nevada Real Estate Division. (ECF No. 64-6).

Now, BNYM moves for leave to amend its complaint so that it may reassert its claims for breach of NRS 116.3116 and wrongful foreclosure. (ECF No. 57). Also before the court are four other motions, including three motions for summary judgment and Red Rock's motion to dismiss Northshores' cross-claims for indemnification and contribution. (ECF Nos. 44, 49, 62, 63).

**II. Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

### III. Discussion

After the court dismissed BNYM's claims for breach of NRS 116.3116 and wrongful foreclosure, BNYM timely initiated and completed mediation in accordance with NRS 38.310. *See* (ECF Nos. 33, 57). The mediation was unsuccessful, which renders this court the appropriate tribunal to adjudicate BNYM's claims. Good cause showing, the court will grant BNYM's motion for leave to amend.

The court will deny without prejudice all remaining motions to the parties' ability to re-file so that they may adequately address all claims that arise in this action. *See Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2014 WL 4828934 at *4 (D. Nev. Sept. 30, 2014) (holding that granting leave to amend a complaint requires denying without prejudice cross-claims for indemnification and contribution); *see also Farkas v. Gedney*, No. 2:14-cv-00451-JAD-VCF, 2014 WL 5782788 at *3 (D. Nev. Nov 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice.")

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Red Rock's motion to dismiss (ECF No. 44) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Saticoy Bay's motion for summary judgment (ECF No. 49) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that BNYM's motion for leave to amend (ECF No. 57) be, and the same hereby is, GRANTED.

1  IT IS FURTHER ORDERED that Northshores' motion for summary judgment (ECF No. 62) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that BNYM's motion for summary judgment (ECF No. 63) be, and the same hereby is, DENIED without prejudice.

DATED November 14, 2018.

_____
UNITED STATES DISTRICT JUDGE