UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FERRARO, et al.,<br><br>Defendants. | Case No. 2:17-cv-01919-JCM-BNW<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is plaintiff Bank of New York Mellon's ("BNYM") motion for leave to file a Second Amended Complaint. (ECF No. 89.) Defendants Saticoy Bay LLC Series 3333 Hillingdon ("Saticoy Bay") and Northshores Owners Association ("Northshores") opposed this motion. (ECF No. 93 and 94.) Defendant Red Rock Financial Services, LLC ("Redrock") joined Northshores's opposition. (ECF No. 95.) Plaintiff replied at ECF No. 100.

**I.   Procedural history.**

This action arises from a dispute over real property located at 3333 Hillingdon Court, Las Vegas, Nevada 89129 ("the property").[1] On or about November 1, 2004, John P. Ferraro and Marchella M. Ferraro (the "Ferraros") purchased the property with a loan in the amount of $180,000.00 from First Magnus Financial Corporation ("First Magnus"). First Magnus secured the loan with a deed of trust. On or about March 12, 2013, BNYM acquired all beneficial interest in the deed of trust via an assignment, which was recorded with the Clark County recorder's office.

---

[1] The facts are derived from the complaint (ECF No.1) and the First Amended Complaint (ECF No. 74)

On July 20, 2012, Northshores, through its agent, RedRock, recorded a notice of delinquent assessment lien ("the lien") against the property for the Ferraros' failure to pay Northshores in the amount of $3,516.37.  On September 17, 2012, Northshores recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $3,186.57.  On October 9, 2015, Northshores recorded a notice of trustee's sale against the property.  On December 15, 2015, Northshores sold the property in a nonjudicial foreclosure sale to Saticoy Bay in exchange for $6,465.00.  On February 29, 2016, the foreclosure deed was recorded with the Clark County recorder's office.

BNYM filed a complaint on July 13, 2017, and alleged the following causes of action: (1) Quiet Title/Declaratory Judgment against all defendants; (2) Breach of NRS 116.1113 against Northshores and Red Rock; (3) Wrongful Foreclosure against Northshores and Red Rock; and (4) Breach of Contract.  (ECF No. 1.)  Defendants filed motions to dismiss (ECF Nos. 8, 10, 13), which the district judge granted in part and denied in part.  (ECF No. 33.)  In sum, the district judge dismissed all BNYM's claims except for the quiet title claim.  (*Id.*)

BNYM, in turn, filed a motion seeking leave to reassert some of its dismissed claims or to amend the complaint (ECF No. 57), which the district judge granted (ECF No. 73).  BNYM filed its First Amended Complaint on November 15, 2018.  (ECF No. 74.)  Saticoy Bay once again filed a motion to dismiss all claims.  (ECF No. 77.)  The district court granted that motion on April 10, 2019.  (ECF No. 85.)

Two days later, on April 12, 2019, BNYM filed a motion for leave to file a Second Amended Complaint.  (ECF No. 89.)  In its Second Amended Complaint, BNYM asserts three causes of action: (1) Quiet Title against all Defendants; (2) Breach of NRS 116.1113 against Northshores and Red Rock; and (3) Wrongful Foreclosure against Northshores and Red Rock.  (ECF No. 89-1.)  Defendants oppose BNYM's request to amend the pleadings.  (ECF Nos. 93, 94, and 95.)  The parties are familiar with the arguments made and, as a result, the Court will not repeat them here.

…

…

**II.     Discussion.**

  **A.     BNYM has established "good cause" under Rule 16.**

  If the deadline set by a scheduling order for amending the pleadings has passed, a party seeking to amend a complaint must show good cause for failing to amend before that deadline's expiration, pursuant to Federal Rule of Civil Procedure 16(b).  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Conversely, if a party seeks to file an amended complaint before the scheduling deadline has passed, "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).

  In this case, the scheduling order established a deadline of November 14, 2017, to amend pleadings.  (ECF No. 24.)  BNYM's motion was filed long after that deadline.  Thus, under Rule 16(b), BNYM must show good cause for failing to amend before the November 14, 2017 deadline. *See Johnson v. Mammoth Recreations. Inc.,* 975 F.2d 604, 608–09 (9th Cir. 1992). This standard "primarily considers the diligence of the party seeking the amendment." *Id*. at 609.

  First, it is important to note that that the district court granted BNYM leave to file a First Amended Complaint.  (ECF No. 73.)  Further, there is no question that BNYM was diligent in pursuing its latest amendment: BNYM filed its motion two days after the district judge dismissed the First Amended Complaint.  Lastly, BNYM argues it was relying on the district judge's previous order (ECF No. 33) when filing its First Amended Complaint and assumed there were no deficiencies as to the quiet title claim.  Therefore, the Court finds that BNYM has established good cause.

  **B.     Amendment under Rule 15.**

  "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(A)(2).  There is a strong public policy in favor of permitting amendment.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of

amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

A district court should deny a motion to amend where the amendment is an "exercise in futility," *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008), "or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). An amendment is futile when "the allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Although Rule 15(a) "encourages leave to amend, district courts need not accommodate futile amendments." *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996). This outcome is warranted where the amendment "would merely enlarge on the legal theory rejected" by the court. *Kentmaster Manufacturing v. Jarvis Products Corp.*, 146 F.3d 691, 696 (9th Cir. 1998).

However, the Ninth Circuit has found that a court may not dismiss an amended complaint on grounds of futility where, for example, the movant "may be able to amend its complaint to state a claim that will survive a motion to dismiss." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (*citing Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).

Here, there is no suggestion of bad faith and defendants do not argue otherwise. As stated previously, there is no undue delay as BNYM sought to amend two days after entry of the order of dismissal. Prejudice to defendants is minimal: based on the arguments made in their pleadings (ECF No. 94 at 5) and during oral argument, prejudice boiled down to the additional costs of litigation. The plaintiff has previously amended the complaint, and it is against this backdrop that the court analyzes the issue of futility.

In determining whether the Second Amended Complaint cures the deficiencies highlighted by the district judge in the order dismissing the First Amended Complaint, this Court looks at two key passages. First, the district judge concluded BNYM was on notice, based on a

letter received by MERS indicating the intent to sell the property, the recorded notice of default, and the notice of trustee's sale:

> Here, BNYM alleges that Northshores, through Red Rock, delivered a letter to MERS indicating Northshores intent to sell the property in a nonjudicial foreclosure sale. (ECF No. 74). Such a letter in conjunction with the recorded notice of default and notice of trustee's sale were sufficient to apprise BNYM of the foreclosure sale and afford it an opportunity to present objections. *See id.* Therefore, BNYM has failed to allege that Northshores did not provide reasonably calculated notice. *See, e.g.*, *Spears v. Spears*, 596 P.2d 210, 212 (Nev. 1979) ("The rule is well established that one who is not prejudiced by the operation of a statute cannot question its validity.").

(ECF No. 85 at 7.)

Next, the district judge held BNYM had failed to make sufficient allegations of fraud, unfairness, or oppression and that, ultimately, BNYM elected to allow the foreclosure sale to proceed by not paying the amount due (which was set forth in the notice of default and in the foreclosure sale) rather than pay the amount to preserve its interests:

> BNYM overlooks the reality of the foreclosure process. The amount of the lien—not the fair market value of the property—is what typically sets the sales price. Further, BNYM fails to set forth sufficient allegations of fraud, unfairness, or oppression so as to justify setting aside of the foreclosure sale. BNYM merely alleges that Northshores failed to provide adequate notice of the foreclosure and made various misrepresentations regarding the lien collection process. (ECF No. 74). However, according to the amended complaint, the amount due was set forth in the notice of default and election to sell and, subsequently, in the notice of foreclosure sale. *Id.* Rather than tendering the noticed amount under protest so as to preserve its interest and then later seeking a refund of the difference in dispute, BNYM allegedly chose to allow the foreclosure sale to proceed. *See id.*

In its Second Amended Complaint, BNYM does not contest that the letter was received by MERS, or that there was a recorded notice of default and notice of trustee sale—which are key to the district court's findings. The Second Amended Complaint includes allegations as to BNYM's (or BNYM's servicer's) lack of receipt of the Notice of Sale. But the district court's ruling makes clear that so long as MERS received the letter, in conjunction with a recorded notice of default and notice of sale, BNYM received "reasonably calculated notice." (ECF No. 85 at 7.) Consequently, BNYM could have "[tendered] the noticed amount under protest so as to preserve


its interest and then later seek a refund of the difference in dispute." The Second Amended Complaint fails to include any new allegations of fraud, unfairness, or oppression that would affect the current findings of the district court.

As a result, the additional allegations in the Second Amended Complaint simply "enlarge on the legal theory rejected" by the court, *Kentmaster Manufacturing v. Jarvis Products Corp.*, 146 F.3d 691, 696 (9th Cir. 1998), and could not possibly cure the deficiency. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). That is, the Second Amended Complaint would also be subject to dismissal. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Of note, many of the arguments the Plaintiff makes are reminiscent of the ones made in their opposition to defendants' second motion to dismiss. (ECF No. 80) The district ourt rejected those arguments. (ECF No. 85) Thus, this Court agrees with Northshores that the additional facts are "largely irrelevant or have been rejected" and finds that defendants have met their burden in demonstrating that BNYM's amendment is futile. (*See* ECF No. 94 at 5.)

The Court acknowledges that Saticoy Bay has requested the Court's leave to file supplemental authority with regards to its opposition to Plaintiff's motion for leave to file a Second Amended Complaint and that Saticoy Bay is still briefing the issue. (ECF No. 121 and 147.) However, this court has found the current briefing sufficient for purposes of determining whether Plaintiff should be granted leave to amend.

**III.   Conclusion.**

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 89) be DENIED.

…

…

…

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 10, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE